UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENTER FOR JUDICIAL
ACCOUNTABILITY, INC.; ELENA RUTH
SASSOWER,

                *Plaintiffs*,

   v.

LEGESLATIVE CORRESPONDENTS'
ASSOCIATION, et al,

                *Defendants*.

No. 25-CV-8370 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Plaintiffs Elena Ruth Sassower ("Sassower") and the Center for Judicial Accountability ("CJA") (collectively "Plaintiffs") bring this Action against thirty-four media outlets and journalism-related entities (collectively "Defendants"), seeking damages and declaratory relief for alleged First Amendment violations stemming from Defendants' coverage of New York's state government and the 2025 New York State elections. (Am. Compl. at 1 (Dkt. 6).) For the following reasons, Plaintiffs are ordered to show cause as to why their Complaint should not be dismissed for lack of subject matter jurisdiction.

    "Federal courts are courts of limited jurisdiction[,]" *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1995), and Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," U.S. Const. art. III, § 2, cl. 1. "Constitutional standing refers to the requirement that parties suing in federal court establish that a 'Case' or 'Controversy' exists within the meaning of Article III of the United States Constitution." *Am.*

*Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016). Constitutional standing requires:

> (1) that the plaintiff ha[s] suffered an "injury in fact"—that is, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical,"; (2) that there is "a causal connection between the injury and the conduct" of which the plaintiff complains; and (3) that it is "likely . . . that the injury will be redressed by a favorable decision."

*Id.* (second alteration in original) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. "A federal court is obliged to assure itself that a plaintiff has standing and must dismiss a complaint if at any time it determines that the plaintiff cannot carry his burden to prove standing." *See Frank v. Gaos*, 586 U.S. 485, 490–91 (2019); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); Fed. R. Civ. P. 12(h)(3).

As a threshold matter, "[i]t is well settled that non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others." *Bell v. United States*, No. 08-CV-632, 2008 WL 533543, at *1 (E.D.N.Y. Feb. 27, 2008) (citing 28 U.S.C. § 1654); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (citing *Prigden v. Andersen*, 113 F.3d 391, 393 (2d Cir. 1997) (emphasis in original) ("because *pro se* means to appear for one's self, a person many not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him"). Although there are two named Plaintiffs in this Action, the Amended Complaint is only signed by Plaintiff Sassower, (*see* Am. Compl. at 85), who lacks standing to litigate on behalf of CJA, *see Wright-Upshaw v. Nelson*, 13-CV-3367, 2014 WL 692870, at *4 (E.D.N.Y. Feb. 19, 2014) (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation"); *see also Broier v. Kuriakose*, 11-CV-3156, 2011 WL 3043778, at *3 (E.D.N.Y. July 20, 2011) (stating that 28 U.S.C. § 1654 "has been consistently construed to

permit parties to only represent their own rights and interests and not the rights and interest of others or of organization"). Plaintiffs also bring this Action "on their own behalf and on behalf of 'the People of the State of New York & the Public Interest,'" (Am. Compl. 81), but Plaintiff Sassower lacks standing to litigate on behalf of these non-parties for the same reason: the Supreme Court has routinely held that "one may not claim standing . . . to vindicate the constitutional rights of some third party." *Singleton v. Wulff*, 428 U.S. 106, 114 (1976) (internal quotation marks and citations omitted); *see also Hollingsworth v. Perry*, 570 U.S. 693, 707–08 (2013) (noting that "a litigant must assert his or her own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties." (internal quotation marks and citation omitted)).

Additionally, to satisfy the causal connection component of standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct." *Allen v. Wright*, 468 U.S. 737, 751 (1984); *see also Lujan*, 504 U.S. at 561. Here, Plaintiffs are suing Defendants "for violating their 'free press' First Amendment responsibilities by *knowingly* false journalism," which allegedly caused particularized harm to Plaintiff Sassower because "the corruption of the New York judiciary . . . and the complicity of the press, including many that are [D]efendants herein, destroyed the lives and professional careers of [Plaintiff Sassower's parents], impacting irreparably and deleteriously upon their three daughters and . . . destroying and derailing [Plaintiff Sassower's] own life and career . . . ." (*Id.*) As currently plead, Plaintiffs' the Amended Complaint does not explain the causal connection between Defendants' actions and the harm alleged to Plaintiff Sassower or her parents. Instead, Plaintiffs focus on how Defendants' alleged complicity in the corrupt governance of New York State harms the people of the State of New York at large. (*See* Am. Compl. at 34–81.) But, "where a Plaintiff

3

makes only 'conclusory allegations of injury or ask[s] the Court to draw unwarranted inferences in order to find standing,' such does not suffice." *Port Auth. Police Benevolent Assoc. v. City of New York*, 718 F. Supp. 3d 300, 308 (S.D.N.Y. 2024) (alteration adopted) (quoting *Baur v. Veneman*, 352 F.3d 625, 636–37 (2d Cir. 2003); *see also Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022) ("Plaintiffs' threadbare assertions are conclusory and do not raise a reasonable inference of injury").

Accordingly, it is hereby:

ORDERED that Plaintiffs show cause, by no later than December 15, 2025, as to why their claims should not be dismissed for lack of subject matter jurisdiction. *See Spira v. Trans Union, LLC*, 21-CV-2367, 2022 WL 2189469 (S.D.N.Y. July 19, 2022) (dismissing a complaint sua sponte for lack of subject matter jurisdiction).

SO ORDERED.

Dated:   November 13, 2025
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge