CENTER *for* JUDICIAL ACCOUNTABILITY, INC.

| | | |
|---|---|---|
| *Post Office Box 8101* | *Tel. (914)421-1200* | **E-Mail:** **mail@judgewatch.org** |
| *White Plains, New York 10602* | | *Website:* **www.judgewatch.org** |

November 19, 2025


TO:          U.S. District Court Judge Kenneth Karas

FROM:     Elena Sassower, Plaintiff *Pro Se*

RE:          <u>*CJA, et al. v. LCA, et al.*  (25-CV-8370)</u>
                 Questions Concerning the Court's *sua sponte* November 13th Order –
                 & Three Requests Pertaining Thereto


I am the *pro se* individual plaintiff in the above-entitled lawsuit whose <u>October 29th amended verified complaint</u> makes obvious, by its allegations and substantiating hyperlinks, that defendants, <u>when served</u>, will have no defense to it, in fact or law – and that plaintiffs are entitled to summary judgment.

This responds to the Court's <u>November 13th Order</u>, not sent to me or posted on PACER until November 17th.  I believe it to be procedurally unfounded.   Am I wrong?

The Court's own case of <u>*Spira v. Trans Union, LLC*</u>, 21-CV-2367, 2022 WL 2189469 (S.D.N.Y. July 19, 2022), to which the Order's ordering paragraph cites for the proposition "(dismissing a complaint sua sponte for lack of subject matter jurisdiction)" – with that text also appearing on the <u>PACER docket</u> – does NOT stand for same where, as at bar, <u>the complaint has not even been served on defendants</u> – and who, upon being served, can make a <u>FRCP 12(b)(1) dismissal motion</u>, if they believe they have grounds for same, to which plaintiffs can then respond, and defendants reply, with the Court making a determination at that time.

Indeed, the Court's recitation in *Spira* of its "Procedural History" could not be more of a contrast to that of this case. It reads (at pp. 3-4):

> "Plaintiff filed his Complaint on March 18, 2021, bringing claims under the FCRA against HSBC in addition to TransUnion, LLC ('TransUnion'), Equifax, Wells Fargo Bank, NA ('Wells Fargo'), Barclays Bank Delaware ('Barclays'), and Capital One Bank (USA), NA ('Capital One'). (*See* Compl.) Plaintiff ultimately settled or voluntarily dismissed his claims against all defendants except HSBC.

District Court Judge Karas                    Page Two                    November 19, 2025

On April 16, 2021, Plaintiff filed a notice of settlement with Equifax. (*See* Dkt. No. 36.) On April 23, 2021, Plaintiff filed a notice of voluntary dismissal of his claims against Capital One, (*see* Dkt. No. 38), which the Court entered on April 29, 2021, (*see* Dkt. No. 39). On July 13, 2021, Plaintiff filed a joint stipulation of voluntary dismissal of his claims against Equifax, (*see* Dkt. No. 46), and a notice of settlement with TransUnion, (*see* Dkt. No. 47). The Court entered Plaintiff and Equifax's joint stipulation on July 14, 2021. (*See* Dkt. No. 48.) On July 19, 2021, Plaintiff filed a notice of settlement with Wells Fargo, (*see* Dkt. No. 49), which was followed by a stipulation of voluntary dismissal of Plaintiff's claims against Wells Fargo on August 5, 2021, (*see* Dkt. No. 53); the Court entered the Wells Fargo stipulation on August 27, 2021, (*see* Dkt. No. 59). On August 6, 2021, TransUnion filed a stipulation and order of dismissal with prejudice of Plaintiff's claims against it, (*see* Dkt. No. 54), which the Court entered on August 9, 2021, (*see* Dkt. No. 55). On December 8, 2021, Plaintiff filed a stipulation of voluntary dismissal of his claims against Barclays Bank, (*see* Dkt. No. 64), which the Court entered on December 9, 2021, (*see* Dkt. No. 65).

Meanwhile, on June 14, 2021, HSBC filed a pre-motion letter in anticipation of filing a motion to dismiss, (*see* Dkt. No. 42), to which Plaintiff responded on June 21, 2021, (*see* Dkt. 3 No. 44). The Court held a pre-motion conference on July 26, 2021, (*see* Dkt. (minute entry for July 26, 2021)), and set a briefing schedule, (*see id.*; *see also* Dkt. No. 52). Defendant filed the instant Motion on August 20, 2021. (*See* Not. of Mot.; Def.'s Mem. of Law in Supp. of Mot. ('Def.'s Mem.') (Dkt. No. 58).) Plaintiff filed his response on September 10, 2021. (*See* Pl.'s Mem. of Law in Opp'n to Mot. ('Pl.'s Mem.') (Dkt. No. 60).) After seeking and receiving an extension of time, (*see* Dkt. Nos. 61, 62), Defendant filed its Reply on October 1, 2021, (*see* Def.'s Reply Mem. of Law in Supp. of Mot. ('Def.'s Reply Mem.') (Dkt. No. 63))."

As to this, the Court's *Spira* decision further states (at p. 5):

"While Defendant has neither brought a Rule 12(b)(1) motion nor otherwise meaningfully raised the issue of whether Plaintiff has standing—making only a single reference to standing in its opening brief, (*see id.* at 7)— '[b]ecause the standing issue goes to [the] Court's subject matter jurisdiction, it can be raised sua sponte.' *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) (italics omitted); *see also Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021) ('Because the question of standing goes to the constitutional limitations on the 'judicial Power of the United States,' which is limited to resolving 'Cases' or 'Controversies,' we are entitled at any time sua sponte to delve into the issue of standing even if [the] defendants do not raise the issue.' (citation and italics omitted) (quoting U.S.

District Court Judge Karas                Page Three                November 19, 2025

> CONST. art. III)), *cert. denied*, — U.S. — , 2022 WL 1295719 (May 2, 2022). And because absent subject matter jurisdiction over Plaintiff's claims, the Court lacks a legal basis to examine their merits, the Court will consider the question of standing at the outset. *See Can v. United States*, 14 F.3d 160, 162 n.1 (2d Cir. 1994) (explaining that, 'in most instances[,] the question of whether a court has subject-matter jurisdiction is, conventionally and properly, the first question a court is called on to consider')."

The above three cited cases do NOT stand for the proposition that a court can, as here, dispense with the Federal Rules of Civil Procedure and the adversarial process by *sua sponte* ordering a plaintiff to defend subject matter jurisdiction of a complaint that has not yet been served upon defendants, effectively substituting itself for the defendants.

Please, therefore, furnish such legal authority – none being evident from the Court's *Spira* decision, nor from any of the cases cited in the Court's November 13th Order.

Also, was it an oversight that the Order purports (at p. 2) that I "lack[] standing to litigate on behalf of CJA", <u>ignoring</u> that plaintiffs' <u>civil cover sheet</u> for their October 8th verified complaint makes manifest that I am <u>not</u> seeking to "litigate on behalf of CJA", as it <u>expressly</u> states that the corporate plaintiff is "As yet unrepresented. Seeking counsel" – which is quite obviously the principal reason why the complaint has not yet been served – and as to which <u>FRCP Rule 4(m)</u> gives plaintiffs 90 days from the October 8th filing date of their complaint within which to serve defendants – which is January 6, 2026.

I expect that the corporate plaintiff will, by January 6th, have counsel in place, able to represent it and, additionally, to assist me, as the individual *pro se* plaintiff, in our shared rights and interests, including "*on behalf of the People of the State of New York & the Public Interest*".

Based on the foregoing, I respectfully request that the Court make disclosure of facts bearing upon its fairness and impartiality, including whether this case was randomly assigned to it "by lot"[1] or steered to it by Southern District Chief Judge Laura Taylor Swain, who, having initially commandeered the case to herself, rendered an incomprehensible and indefensible <u>October 22nd Order</u>.[2]

---

[1]      Rules 1 and 4(b) of the <u>Rules for Division of Business Among District Judges, Southern District of New York</u>.

[2]      The <u>docket text</u> for the October 22nd Order reads:

> "ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION: Plaintiff is directed to render payment of the filing fee or submit an IFP application to this Court's Pro Se Office within thirty (30) days of the date of this Order. The Clerk of Court is directed to assign this matter to my docket. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3),

District Court Judge Karas   Page Four   November 19, 2025

Additionally, I request that the Court:

- grant plaintiffs a 30-day extension to January 14, 2026 to show cause with respect to its *sua sponte* Order, as I have a <u>December 18th deadline</u> at the Appellate Division, Third Department for perfecting appeals in *CJA, et al. v. Commission on Legislative, Judicial and Executive Commission…Wilson, Zayas, et al.* (<u>CV-24-1608</u>)[3] and other commitments and holiday plans thereafter; and

- extend plaintiffs' time to serve their verified amended complaint upon defendants from January 6, 2026 to 30 days from the date of the Court's decision on plaintiffs' show cause submission – as it obviously makes no sense for plaintiffs to spend thousands of dollars in copying and serving a complaint that the Court is so eager to dismiss that it has dispensed with the FRCP in issuing its *sua sponte* Order.

As to both requests, there is no prejudice to the 34 press defendants, who, without answering or moving against a complaint they have not been served, are getting a "free ride" by the Court's *sua sponte* Order, advancing for them a non-merits subject matter jurisdiction defense they know they do not have and which the Court reasonably knows, as well.

Thank you.

s/Elena Sassower

---

that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). Filing Fee due by 11/21/2025. In Forma Pauperis (IFP) Application due by 11/21/2025. (Signed by Judge Laura Taylor Swain on 10/22/2025) (nb)".

Apart from the fact that the case, filed on October 8th, had <u>already</u> been "SUA SPONTE" assigned to Judge Swain on October 16th, notwithstanding she sits in Manhattan and plaintiffs' <u>civil cover sheet</u> had designated White Plains, the USDC/SDNY's guide for "<u>Filing A Complaint</u>" (at p. 3) expressly states "**For complaints filed by email**: Payment must be made within 30 days of the date your case is assigned a docket number" AND identifies that where there is an "**Inability to pay the filing fee**", a completed *in forma pauperis* application should be included with the e-mailing of the complaint. Most outrageous, however, is the gratuitous and flat-out LIE that in a case of the magnitude and seriousness as this – where plaintiffs have a clear summary judgment entitlement – they would have no basis for a "good faith" appeal.

[3] This important lawsuit is referred to and linked by the October 29th verified amended complaint at p. 5 (fn.4), p. 37, p. 44, and p. 70.